UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEMARVIS DONTE JOHNSON, JR.,

      Plaintiff,

      v.                                            Case No. 23-C-1082

RODNEY PETERSON,
ROBERT MALLIET,
REDI TRANSPORT,
CHRISTOPHER O'CONNOR, and
BROWN COUNTY JAIL,

      Defendants.

---

## SCREENING ORDER

---

Plaintiff Demarvis Donte Johnson, Jr., who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Johnson's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Johnson has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Johnson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial

partial filing fee of $52.27. Johnson's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Johnson, on August 9, 2021, he was transported from the Brown County Jail to court by Defendants Rodney Peterson and Robert Malliet, who worked for Redi Transport. Johnson explains that when Peterson and Malliet picked him up to take him back to the jail, he heard Malliet state that they had to hurry up because they were running behind. Johnson asserts that they placed him in the back of the van without securing his seatbelt even though he was in full body restraints and was limited in his ability to steady himself. According to Johnson, the agents took off abruptly and began to speed and pass cars even though it was pouring rain. Johnson explains that the van smashed into something—he believes a car—and Johnson flew in the air and smashed into the front divider, causing pain to his right arm and shoulder. Johnson asserts that he called for help, but the agents did not respond. He states that about four to eight minutes later, he heard a door open, and someone ask if he was ok. After Johnson responded no, the person told him they would be back at the jail soon. Once they arrived, the agents ignored Johnson's questions about the crash, but told him they would let the corporal know about his injuries. Johnson asserts that he waited more than eight hours before he saw medical staff.

## THE COURT'S ANALYSIS

To state a claim under § 1983, a plaintiff must allege two elements: (1) the violation of a right secured by the Constitution and laws of the United States, and (2) the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Payne for Hicks v. Churchich*, 161 F.3d 1030, 1039 (7th Cir. 1998). The complaint alleges that Johnson was injured due to the conduct of Peterson and Malliet who, as employees of Redi

Transport, were performing transport services for the Brown County Jail. Even though they are likely not state employees, it appears probable that they would be considered state actors for purposes of § 1983. *See Belbachir v. Cnty. of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013) ("Although Centegra's employees are not public employees, they rightly do not deny that in performing functions that would otherwise be performed by public employees, they were acting under color of state law and therefore could be sued under section 1983.") Thus, the second element would seem to be met. But what about the first element? What is the right or interest secured by the Constitution or laws of the United States that the defendants deprived Johnson of?

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being," *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 199-200 (1989) (citing *Youngberg v. Romeo*, 457 U.S. 307, 317 (1982)). The Amendment that governs the determination of whether that duty is breached "hinges on [the person's] status within the criminal justice system." *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). "In particular, the protections of the Fourth Amendment apply at arrest and until an arrestee has benefitted from a judicial determination of probable cause, otherwise known as a *Gerstein* hearing; then, the Fourteenth Amendment's due process principles apply to pretrial detainees; and finally, the Eighth Amendment applies following conviction." *Edwards v. David*, No. 15-cv-9086, 2017 WL 2653077, at *3 (N.D. Ill., 2017) (citing *Ortiz v. City of Chicago*, 656 F.3d 523, 530–31 (7th Cir. 2011)).

Because Johnson was being transported from court, he is likely a pretrial detainee, though for purposes of deciding whether his claim can proceed, it likely does not matter. Allegations that an unrestrained inmate is injured during an accident that is intentionally or recklessly caused by

4

an officer are sufficient to state such a claim regardless of the inmate's status. *Holliday v. Wolff*, No. 20-cv-00149-JPG, 2020 WL 1848035, at *2 (S.D. Ill. April 13, 2020); *see also Edwards*, 2017 WL 2653077, at *5 (collecting cases) (Fourth Amendment claim allowed to proceed against officer who refused to seatbelt arrestee, drove recklessly through a construction zone, and caused bodily injury); *Brown v. Fortner*, 518 F.3d 552 (8th Cir. 2008) (Eighth Amendment claim allowed to proceed against driver who refused to fasten convicted person's seatbelt, drove at an excessive speed, crossed double-yellow lines, and followed vehicles too closely). It follows that Johnson may proceed on his claim that Peterson and Malliet drove recklessly as they transported Johnson back to the jail and failed to secure his seatbelt even though he was in body restraints and unable to secure his own seatbelt.

Johnson does not, however, state a claim against Redi Transport. It appears that the only reason he named Redi Transport as a defendant is that it employs Peterson and Malliet. But this is not enough. Under §1983, the doctrine of respondeat superior cannot be used to hold an employer liable for the alleged misconduct of its employees. *See Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 796 (7th Cir. 2014). Johnson also fails to state a claim against the Brown County Jail. Under Wisconsin law, the jail "is not a legal entity separable from the county government which it serves," and is therefore not subject to suit under §1983. *Whiting v. Marathon Cty. Sherriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004).

Finally, Johnson does not state a claim against Christopher O'Connor based on allegations that he had to wait more than eight hours before receiving medical attention. First, it is not clear from Johnson's allegations that O'Conner was responsible for the delay. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (holding that §1983 requires that a defendant be personally involved in an alleged deprivation to be liable). And, even if he was responsible for the delay, nothing in

5

Johnson's complaint suggests that he was in urgent need of medical care. Although banging his shoulder into the van's divider was likely painful when it occurred, the Court cannot reasonably infer that having to wait eight hours to be examined for that type of injury was objectively unreasonable, particularly given the absence of allegations regarding the treatment Johnson received (if any) once he was examined. *See, e.g., Pinkston v. Madry*, 440 F.3d 879, 891 (7th Cir. 2006) (holding that a split lip and swollen cheek did not rise to the level of an objectively serious medical need that required prompt medical attention).

**IT IS THEREFORE ORDERED** that Johnson's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Redi Transport, Christopher O'Connor, and the Brown County Jail are **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Rodney Peterson and Robert Malliet pursuant to Federal Rule of Civil Procedure 4. Johnson is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Peterson and Malliet shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of Johnson shall collect from his institution trust account the $297.73 balance of the filing fee by collecting monthly payments from Johnson's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Johnson is transferred to another institution, the transferring institution shall forward a copy of this Order along with Johnson's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Johnson is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Johnson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Johnson may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 27th day of October, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge